UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| RELLIS P. GODFREY | CIVIL ACTION NO. 17-238 |
| VERSUS | JUDGE ELIZABETH FOOTE |
| THE UNITED STATES OF AMERICA, ET AL | MAGISTRATE JUDGE HAYES |

### MEMORANDUM ORDER

Before the Court is the Motion to Dismiss [Record Document 3] filed by the United States of America ("United States"). Plaintiff, Rellis P. Godfrey ("Godfrey"), brought this action against Defendants, the United States, Overton Brooks Veterans Affairs Medical Center ("OBVAMC"), and the Department of Veterans Affairs ("VA"). The United States moves to dismiss all claims under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. For the reasons discussed below, Defendant's motion [Record Document 3] is **GRANTED**.

### I. Background

Plaintiff brings suit under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b) and 2671, for actions taken by OBVAMC and its employees. Plaintiff alleges that he contacted OBVAMC on March 16, 2015 with information from a third-party medical provider, Lusk Eye Specialists, that he required a cataract operation in both eyes. At that time, he requested that OBVAMC perform the needed surgery. After renewing his requests, an appointment was scheduled for April 13, 2015. At that appointment, the diagnosis of

Lusk Eye Specialists was confirmed, and cataract surgery on Plaintiff's right eye was scheduled for June 12, 2015. A date could not be set for surgery on Plaintiff's left eye. Record Document 1, p. 3. On April 14, 2015, Plaintiff delivered to OBVAMC employee Leonard Woods his written objection and request that he be referred to a local eye surgeon to perform his surgeries pursuant to the Veterans Access, Choice and Accountability Act of 2014 (VACAA). Plaintiff asserts that the date of his scheduled surgery was sixty-one (61) days from the date he delivered this letter and eighty-seven (87) days from the date when OBVAMC had knowledge of Plaintiff's need for surgery. Plaintiff claims that this delay, because it exceeded thirty days, required OBVAMC to provide him with an alternate health care provider under the terms of VACAA's Veterans Choice Program. See Record Document 1, p. 2. Plaintiff was later contacted by another OBVAMC employee, Stephen Birdsong ("Birdsong"), who told Plaintiff that there were many misconceptions about the Veterans Choice Program and that the thirty-day wait time rule did not apply to OBVAMC. Id. at 4. Birdsong told Plaintiff that a ninety-day wait time applied, and that because Plaintiff's operation was within ninety days, he was ineligible to use the Program. Id.

Plaintiff then contacted TriWest Health Care Alliance ("TriWest"), a third-party administrator of the Veterans Choice Program, and was told that he must be enrolled in the Program at OBVAMC and have OBVAMC transmit his medical records to TriWest. Id. The next day, Plaintiff again contacted OBVAMC and was assured that he was enrolled in the Veterans Choice Program and that his medical records would be transmitted to TriWest. Plaintiff claims that this was never done. In early May 2015, Plaintiff claims that his

appointment for the cataract surgery was cancelled, and he was forced to have the surgeries performed at Lusk Eye Specialists. Id. at 5.

Plaintiff contacted Toby Matthew ("Matthew"), Director of OBVAMC, about this series of events, and a letter was sent by Matthew informing Plaintiff that, after an investigation, it was determined that he was not eligible to use the Veterans Choice Program. Id. at 5-6. On April 26, 2016, Plaintiff filed a Standard Form 95, *Claim for Damages, Injury, or Death*, with the Department of Veterans Affairs, which was later denied. Id. at 6. Plaintiff claims that, as a result of the actions and negligence of OBVAMC and its employees, he has suffered economic damages due to his having to have the cataract surgeries performed at Lusk Eye Specialists.

## II. Standard

Motions filed under Federal Rule of Civil Procedure 12(b)(1) allow a defendant to challenge the subject matter jurisdiction of the court to hear a case. Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001). If such jurisdiction is lacking, the case is properly dismissed. Home Builders Ass'n of Mississippi, Inc. v. City of Madison, 143 F.3d 1006, 1010 (5th Cir. 1998). As the party asserting jurisdiction, the plaintiff bears the burden of proof that jurisdiction exists. Ramming, 281 F.3d at 161.

## III. Discussion

Defendant argues that this Court lacks subject matter jurisdiction because Plaintiff's claim is one concerning a benefits determination and the Veterans Judicial Review Act (VJRA) precludes judicial review of such claims. Specifically, 38 U.S.C. § 511(a) provides,

> The Secretary shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans. Subject to subsection (b), the decision of the Secretary as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise.

Defendant argues that Plaintiff's benefits determination is subject to an administrative review process, with exclusive jurisdiction vested in the U.S. Court of Appeals for Veterans Claims. Record Document 3-1, p. 1. Plaintiff claims that his complaint does not allege a denial of VA benefits, but instead alleges the negligence of OBVAMC employees in failing to comply with the Veterans Choice Program.

As explained by the Fifth Circuit, the VJRA "clearly announced the intent of Congress to preclude review of benefits determinations in federal district courts. The VJRA also created an exclusive review procedure by which veterans may resolve their disagreements with the Department of Veterans Affairs." Zuspann v. Brown, 60 F.3d 1156, 1158 (5th Cir. 1995). Thus, if Plaintiff's claim amounts to an appeal of the VA's benefits decision, then this Court lacks jurisdiction. See King v. U.S. Dep't of Veterans Affairs, 728 F.3d 410, 414 (5th Cir. 2013).

Plaintiff's claim is one for injury—economic damages—arising out of the alleged failure of OBVAMC employees to properly comply with the VACAA. The United States argues, and the Court agrees, that it is impossible to evaluate the employees' actions without first determining Plaintiff's entitlement to benefits under the VACAA and the Veterans Choice Program. Indeed, even though Plaintiff frames his claim as one for

negligence, it is clear that resolution of his claims would require the Court to decide issues outside of its jurisdiction. For example, in articulating the proposed standard of care, Plaintiff argues, "OBVAMC and its employees had a duty to conform to the specific policy and regulation of the Veterans Choice Program to provide medical care in the community to Plaintiff . . . ." Record Document 5, p. 5. He goes on to essentially argue that this duty was breached by the way in which OBVAMC employees handled his requests for medical care. If this Court were to analyze Plaintiff's claim as he suggests, it would require the Court to determine Plaintiff's rights under the VACAA, and this is ultimately the type of issue this Court is precluded from deciding.

The Court finds King v. U.S. Dep't of Veterans Affairs, and the cases cited therein to be instructive. In King, the plaintiff brought suit against the United States, the VA, and others, asserting claims under the FTCA relating to the termination of disability benefits. 728 F.3d 410. The district court dismissed for lack of jurisdiction. On appeal, King argued that the district court had jurisdiction because it would not be required to make a benefits determination since the VA already admitted that it erroneously terminated his benefits. The Fifth Circuit disagreed, explaining,

> Even if the VA admitted error . . . it did not admit to negligence, much less malice. To award King damages based on his complaint, the district court would have to analyze whether the VA's agents knew or should have known that the denial of King's benefits was wrong. That analysis would involve questions of law and fact related to the VA's benefits decisions, and those are issues that section 511 places outside the district court's jurisdiction.

King, 728 F.3d at 414. The King court went on to discuss two other cases, Dambach v. United States, 211 F. App'x 105 (3d Cir. 2006), and Price v. United States, 228 F.3d 420

(D.C. Cir. 2000). In Price, the plaintiff filed a complaint alleging that the VA wrongly failed to reimburse him for medical expenses incurred at a non-VA medical facility. The court found that the district court lacked jurisdiction, explaining,

> Because a determination whether the VA acted in bad faith or with negligence would require the district court to determine first whether the VA acted properly in handling Price's request for reimbursement, judicial review is foreclosed by 38 U.S.C. § 511(a). The courts have consistently held that a federal district court may not entertain constitutional or statutory claims whose resolution would require the court to intrude upon the VA's exclusive jurisdiction.

Price, 228 F.3d at 422. Similarly, this Court finds that resolution of Plaintiff's negligence claims would require it to determine whether the OBVAMC acted properly in handling his requests for medical care.

Plaintiff cites Anestis v. United States, 749 F.3d 520 (6th Cir. 2014), but this case is distinguishable. In Anestis, the plaintiff was the widow of a veteran who committed suicide after being turned away from two VA clinics. She brought suit under the FTCA, claiming medical malpractice. She claimed that "in turning [her husband] away from the VA when he was in an 'emergency state,' the VA violated its duty as a hospital, irrespective of [the husband]'s status as a veteran." Anestis, 749 F.3d at 526. The district court dismissed for lack of jurisdiction, and the Sixth Circuit reversed. In discussing whether the claim involved a benefits determination, the Sixth Circuit reasoned,

> [T]he distinction lies in whether the failure or denial of treatment resulted from a decision by the VA or was the result of the VA's negligence in failing to abide by a legal duty. Anestis's claim involves the latter. . . . [T]his claim is based on standards of care that govern medical professionals. This claim does not allege that [the husband]'s "rejected" benefits status was improper or that the VA denied him benefits to which he would have been entitled as

an authorized enrollee. In short, Anestis's claim does not call into question or involve any VA benefits determination.

Id. at 527. In Anestis, the plaintiff's claim rested on the VA's duty to provide emergency care, regardless of her husband's veteran status. Id. Here, Plaintiff's claims are dependent upon his entitlement to the benefits of the VACAA and the Veterans Choice Program. Thus, the Court finds the reasoning of Anestis inapplicable to Plaintiff's case.

Because Plaintiff's claims would require the Court to analyze and assess questions of law and fact related to a benefits determination, this Court lacks jurisdiction over his claims. Accordingly, Defendant's motion to dismiss will be granted for a lack of subject matter jurisdiction.

## IV. Conclusion

For the reasons discussed above, Defendant's motion to dismiss is **GRANTED.**

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 14th day of November, 2017.

Elizabeth Erny Foote
United States District Court